## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**PATRICIA TARANTO-KING AND**
**SEAN KING,**

      **Plaintiffs,**

**v.**                                     **Case No. 8:23-cv-01454-AAS**

**ADAPTHEALTH, LLC, A**
**FOREIGN LIMITED LIABILITY**
**COMPANY,**

      **Defendant.**

_____/

## ORDER

Defendant AdaptHealth, LLC, moves to dismiss Count III of Plaintiffs Patricia Taranto-King and Sean King's (collectively, the Kings) amended complaint (Doc. 8) for failure to state a claim upon which relief may be granted. (Doc. 30). The Kings oppose AdaptHealth's motion. (Doc. 32).

## I.    BACKGROUND

The Kings sue AdaptHealth for alleged violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. (FMLA) and assert a derivative loss of consortium claim. (Doc. 1). In response, AdaptHealth moves to dismiss Count III, the loss of consortium claim, arguing "FMLA retaliation and interference claims do not provide derivative liability sufficient to sustain a claim for loss of consortium." (Doc. 30, p. 2). The Kings assert Mr. King's loss

1

of consortium claim properly attaches to Mrs. Taranto-King's FMLA claim. (Doc. 32).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A party may attack the sufficiency of a pleading under Rule 12(b)(6); that is, a complaint may be attacked—and dismissed—for "failure to state a claim upon which relief can be granted." In reviewing a 12(b)(6) motion to dismiss, a court applies the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 679. The Court expounded "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.   ANALYSIS

The success of this motion hinges on whether a plaintiff may bring a loss of consortium claim under FMLA. AdaptHealth cites several district court cases in support of its position that a loss of consortium is unavailable in FMLA claims. (Doc. 30, pp. 3–6); *see Johnson v. Georgia Television Co.*, No. 1:04-CV-

1320-WSD, 2005 WL 8154780 (N.D. Ga. Nov. 4, 2005), *Cookenmaster v. Kmart Corp.*, No. 07-13947-BC, 2008 WL 4539385 (E.D. Mich. Oct. 7, 2008), and *Facsina v. Isla Morada, Vill. of Islands*, No. 21-10092-CIV, 2022 WL 3928350 (S.D. Fla. Aug. 16, 2022), *report and recommendation adopted*, No. 21-CV-10092, 2022 WL 3910703 (S.D. Fla. Aug. 31, 2022). In their response, the Kings outline why each case cited by AdaptHealth is inapplicable here. (Doc. 32, pp. 2–7). The Kings point out *Johnson* is distinguishable because the court granted summary judgment on other grounds and the dicta AdaptHealth quotes cites an Eleventh Circuit case that "does not speak to the FMLA at all." (*Id.* at pp. 4–5). In addition, the Kings argue *Cookenmaster* is inapplicable because the court's assertion is an independent one, quoting cases that did not deal with the FMLA. (*Id.* at pp. 5–6). Likewise, the Kings separate *Facsina* because there were no FMLA claim in that case. (*Id.* at p. 6).

Without Eleventh Circuit case law definitively saying a plaintiff cannot recover for loss of consortium deriving from an alleged violation of the FMLA, it would be inappropriate to dismiss the derivative claim for loss of consortium at this stage in the litigation. This ruling is consistent with the Eleventh Circuit's handling of this issue in an unpublished decision. *See Crawford v. City of Tampa*, 397 F. App'x 621, 624 n.1 (11th Cir. 2010) ("We express no opinion about the availability of a loss of consortium claim for a violation of a spouse's federal statutory rights under Florida law [. . .] We see no harm in

temporarily abstaining from addressing the state law question on the possibility that the merits resolution will moot the issue."). Accordingly, Count III will not be dismissed at this time.

## IV.   CONCLUSION

AdaptHealth's motion to dismiss (Doc. 30) is **DENIED**. AdaptHealth must file an amended answer to the amended complaint no later than **December 22, 2023**. The amended answer should only amend the responses in the section of the answer addressing Count III plus add any affirmative defenses to Count III.

**ORDERED** in Tampa, Florida on December 6, 2023.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

4